E. & P. FRISBIE *vs.* RILEY.

A plaintiff cannot reply *double* to a defendant's plea, without leave of the court, although he reply several matters in answer to the plea as applicable to distinct and separate counts of the declaration; thus, where a declaration contained two counts, and the defendant put in a general plea of the statute of limitations to both counts, and the plaintiff as to one count replied matter in avoidance, and as to the other different and distinct matter, *it was held*, notwithstanding, that the case came within the statute, making leave of the court necessary, and that the replications were irregularly put in.

The court however being of opinion that the plaintiffs ought to have leave to reply double, permitted the replications to stand, on payment of costs.

THE declaration in this case contains *three counts :* 1. On two promissory notes, dated in 1816; 2. For goods sold; and 3. The common money counts. The defendant put in several pleas, and among others a plea of the *statute of limitations,* viz. that the several causes of action specified in the declaration did not accrue to the plaintiffs within six years before the commencement of the suit. To which the plaintiffs put in *two* replications; 1. That at the time when the cause of action specified in the *first count* accrued, the defendant was a resident of *Connecticut,* that his first return to this state thereafter was on 1st November, 1833, and that within six years after such return this suit was commenced; 2. That the plaintiffs ought not to be precluded from maintaining their suit for the causes of action specified in the *second* and *third counts* of the declaration, because, at the time when the causes of action specified in those counts accrued, the defendant was a resident of *Connecticut,* and did not come into this state until 1st February, 1825, when although he was seen by P. Frisbie, one of the plaintiffs, he made P. Frisbie so drunk as to disqualify him to attend to business, and while P. Frisbie was so intoxicated, the defendant departed from the state, and did not again return until 1st November, 1833, within 6 years after which time this suit was commenced. The replications were put in without the previous leave of the court ob-

December 4.

ALBANY,
Dec. 1834.

Frisbie.
v.
Riley.

tained, and the defendant now asked that one of them be stricken out.

For the plaintiffs it was insisted that the plea of the statute of limitations being general to *all* the counts in the declaration, might be treated as a separate plea to each count ; and if so, the plaintiff was entitled to reply to each plea such matter as he should be advised would be a good and sufficient answer to the plea.

*By the Court*, SUTHERLAND, J.   This case falls within the express terms of the statute ; 2. R. S. 356, § 27 ; the plaintiffs have replied several matters in two distinct replications to the defendant's plea.   This cannot be done at common law, 1 Chitty's Pl. 549, and under our statute, can be done only by leave of the court, 4 Wendell, 211.   As such leave will always be granted, where it is shown to be necessary for the attainment of justice, there is no occasion for tolerating any innovation upon the general and established rules of pleading in this respect.

Mr. *Chitty* says, that if, in an action of assumpsit, the defendant plead infancy, the plaintiff may reply as to part of his demand, that it was for necessaries ; to other part, that the defendant was of full age at the time of the contract ; and to other part, that he confirmed it after he came of age.   So if an executor plead several judgments outstanding and no assets *ultra*, the plaintiff may reply as to one of the judgments *nul tiel record*, and as to another, *fraud*.   1 Chitty's Pl. 549. Sergeant *Williams*, 1 Saund. 137, b. n. 2, says, that according to the general rules of pleading, these replications would be *double*, and that the better way in the case of executors is, to answer only such judgment as the plaintiff knows to be fraudulent ; although he considers the case of executors anomalous, and not subject in this respect to to the general rules of pleading.   In both these cases the different answers to the plea were embraced in one replication, and it was a question therefore of *duplicity* in pleading, the doctrine in relation to which has been somewhat vague and unsettled ; but it is a different question whether a plaintiff may put in two distinct replications to the same plea.   Our statute clearly contem-

plates that this can in no case be done without special leave of the court.·

This is a case, however, in which leave would have been given, had it been asked. The motion is therefore denied, but the plaintiffs must pay the costs of the motion.